**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5095**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KELVIN DEMETRIUS WALKER, a/k/a Tweet, a/k/a Tweety, a/k/a
Derek Fenty,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:92-cr-00053-F-9)

_____

Submitted:  September 30, 2010    Decided:  November 2, 2010

_____

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne
M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Demetrius Walker appeals the twenty-four-month sentence imposed upon revocation of his term of supervised release. Walker argues on appeal that his sentence is procedurally unreasonable because the district court improperly considered factors not permitted by 18 U.S.C. § 3583(e) (2006). We affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citation omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). For instance, the district court commits procedural error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007). Although "[a] court need not be as detailed or specific when imposing a

2

revocation sentence as it must be when imposing a post-conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed. Thompson, 595 F.3d at 547 (internal quotation marks and citation omitted). The judge also must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal sentencing guidelines manual, as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006). Chapter Seven provides, "at revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A(3)(b). Section 3583 approves consideration of a majority of the factors listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e). Among the omitted factors is the need "to reflect the seriousness of

3

the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).

In this case, the district court offered several reasons for imposing a twenty-four-month sentence, an upward departure from the policy statement range of six to ten months. It considered Walker's two sentence reductions from his original sentence, Walker's criminal history, and the circumstances under which Walker violated the terms of his supervised release, which included committing property and drug-related crimes, fleeing from justice, and resisting arrest.  While the court said that the upward departure reflected the seriousness of Walker's revocation conduct, the grounds cited by the district court were relevant to other required considerations, including the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).  Reviewing the court's explanation in its entirety, we find the court's consideration of the stated factors did not render Walker's sentence procedurally unreasonable.

Accordingly we conclude that Walker's sentence is not plainly unreasonable.  We therefore affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED